Hardin *et al. vs.* The Inferior Court.

---

No. 10.—JOHN HARDIN and others, plaintiffs in error, *vs.* THE INFERIOR COURT OF DECATUR COUNTY, for the use, &c. defendants in error.

[1.] Where on a motion for a new trial, a brief of the evidence had been agreed on by the counsel for the parties, and filed in the Clerk's office at the term of the Court at which the rule *nisi* was granted, but such agreement was not entered on the minutes of the Court at that term: *Held,* on a motion to dismiss the rule *nisi* for a new trial, on that ground at a subsequent term of the Court, that this Court would not control the discretion of the Court below, in ordering the agreement to be entered on the minutes, *nunc pro tunc.*

Motion for a new trial, in Decatur Superior Court. Decision by Judge WARREN, June Term, 1851.

A motion for a new trial was made in this case, and a rule *nisi* granted, at June Term, 1849. This motion was continued for want of the papers, for three terms. At June Term, 1851, counsel against the motion moved to dismiss it, on the ground that though the brief of the testimony in the cause had been agreed upon by the counsel of both parties, yet said agreement was not entered upon the minutes of the Court, at the term at which the motion was made for a rule *nisi;* that this agreement and the brief of the testimony had been marked " filed in office," by the Clerk, and then taken out by the counsel for the movants who had kept them ever since.

The Court overruled the motion to dismiss, and this decision is excepted to.

Counsel for the movants then moved the Court to order the Clerk to enter this agreement on the minutes, *nunc pro tunc,* which motion was granted by the Court, and this decision also, is excepted to.

On these exceptions error is assigned.

S. T. BAILEY and HINES, for plaintiff in error.

W. TAYLOR, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This is a motion to dismiss the *rule nisi* for new trial, on the ground that the agreement as to the brief of the testimony in the cause had not been entered on the minutes of the Court, at the term at which the motion for the *rule nisi* was granted.

By the 61st Rule of Practice in the Superior Courts, it is declared that, " A motion for a new trial shall not operate as a *supersedeas,* unless an order to that effect be entered on the minutes, and in every application for a new trial, a brief of the testimony in the cause, shall be *filed* by the party applying for such new trial, under the revision and approval of the Court." 2 *Kelly,* 478. The rule requires that a brief of the testimony shall be *filed* in the cause. In this case, a brief of the testimony was agreed on

by the parties, and *filed* in the Clerk's office at the term of the Court at which the motion for new trial was made, but the agreement was not entered on the minutes. When the motion to dismiss the rule was made, because the agreement had not been entered on the minutes of the Court, another motion was then made, to enter the agreement on the minutes, *nunc pro tunc*, which latter motion the Court allowed. We do not consider the allowing this agreement to be entered on the minutes of the Court, *nunc pro tunc*, according to the facts stated in this record, to be such an abuse of the discretion of the Court below, as will authorize this Court to control it. The evidence was agreed upon and *filed* at the proper time; the agreement was in *writing*, and before the Court. As to the objection that the brief of the evidence agreed on and filed, had been taken out of the Clerk's office immediately after the same was filed, and had remained in possession of plaintiff's counsel, we have only to say, that if the opposite party was less prepared on that account, to argue the motion, it would have been a good ground to have applied to the Court for a *continuance* of the cause, which, no doubt, would have been granted.

Let the judgment of the Court below be affirmed.